IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT CURRY,<br><br>          Plaintiff,<br><br><br><br>vs.<br><br><br><br>WAL-MART STORES, INC., and DOES 1 THROUGH 10 INCLUSIVE,<br><br>          Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br><br><br>Case No. 2:11-CV-367 TS |

This matter is before the Court on Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment. For the reasons discussed below, the Court will grant the Motion.

I.  STATEMENT OF FACTS

This action arises out of an incident where Plaintiff Robert Curry fell into an oil change pit at the Tire and Lube Express Center at the Wal-Mart store location in Orem, Utah, on May 16, 2007.

On the day of the incident, Plaintiff went to the Wal-Mart store to have his oil changed. Upon arrival, Plaintiff was informed that it would be a 2-hour wait. Not wanting to wait,

Plaintiff parked his car outside the Tire and Lube Express Center and entered the store to purchase oil for his car.

After choosing his oil, Plaintiff walked back to the Tire and Lube Express Center service desk and paid for the oil. Instead of exiting through the Tire and Lube Express Center customer door, Plaintiff proceeded to walk into the car service area and into an open oil pit where technicians were working on a car.

Plaintiff testified that he had changed his oil at Wal-Mart Stores many times prior to the incident and never had any accidents. Additionally, Plaintiff testified that he knew there were oil pits in the car service area.

All of the bay doors in the Tire and Lube Express Center have chains across them.[1] Additionally, the customer waiting area and the service area are separated by a chain link fence. The chain link fence has signs instructing patrons not to enter. Wal-Mart employees were instructed to inform customers not to enter the service area and to escort customers out of the area if they entered. The floor at the opening in the chain link fence between the customer waiting area and the service area has a painted yellow stripe. In addition, there is a yellow painted raised edge around the exterior of each oil pit in the service area.

---

[1]There is differing evidence as to whether the chains across the bay doors contained signs, such as "Do Not Enter" signs. Construing the evidence in the light most favorable to Plaintiff as the non-moving party, the Court concludes that the bay door chains contained no such signs.

The oil pits themselves are approximately 20 feet long and between 4 and 5 feet wide. At the time of the incident, a car was partially covering the pit, leaving about a 3 foot gap behind the vehicle, into which Plaintiff fell.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[2]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## III.  DISCUSSION

The parties agree that the relevant legal test can be found in *English v. Kienke*,[5] which relies on Section 343 of the Restatement (Second) of Torts.  Section 343 states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

---

[2] Fed.R.Civ.P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] 848 P.2d 153 (Utah 1993).

(c) fails to exercise reasonable care to protect them against the danger.

In its Motion for Summary Judgement, Defendant argues that Plaintiff cannot provide sufficient evidence on any of these prongs.

Under the first prong, the Court considers whether the oil pits constitute an "unreasonable risk of harm." Defendant argues that the oil pit did not pose an unreasonable risk to Plaintiff. Defendant points to the fact that Plaintiff had his oil changed at Wal-Mart stores before, he was aware that oil pits were in the service area, and that "the oil pit is a large hole in the ground that is marked by a yellow raised curb."[6] Plaintiff, however, argues that by its very nature, the oil pit "could be considered inherently dangerous."[7] For the purposes of this Motion, the Court can assume that the oil pits present an unreasonable risk of harm.

The second prong is whether Defendant should have expected that Plaintiff would not discover or realize the danger, or would fail to protect himself against it. Under this prong, Defendant argues that the pit was obvious and, in its reply brief, points to Section 343A of the Restatement (Second) of Torts.

Restatement (Second) of Torts § 343A must be read in conjunction with Section 343.[8] Section 343A states: "A possessor of land is not liable to his invitees for physical harm caused to

---

[6] Docket No. 14-1 at 5.

[7] Docket No. 15 at 7.

[8] *See* Restatement (Second) of Torts § 343 cmt. a.

them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."[9]

Under this provision,

an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.[10]

However, there are

cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.[11]

For example, a defendant "may still be liable under the rule if he had reason to expect that [the plaintiff] would forget the danger, would become distracted from it, or would reasonably encounter the danger despite the risk."[12] Further, a defendant may be liable if he "has reason to

---

[9]Restatement (Second) of Torts § 343A(1).

[10]*Id*. cmt. e.

[11]*Id*. cmt. f.

[12]*Hale v. Beckstead*, 116 P.3d 263, 270 (Utah 2005); *see also* Restatement (Second) of Torts § 343A cmt f ("Such reason to expect harm to the visitor from known or obvious dangers

5

expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk."[13]

In this matter, there is evidence that, at the time of the incident, Plaintiff's mind was "on a thousand different things"[14] and that he had trouble seeing as a result of the sunlight coming through the service area.[15] There is also evidence that Plaintiff chose to exit through the service area because it was the shortest path to his car.[16] Thus, the obvious existence of the oil pit is insufficient to relieve Defendant of liability in this matter. Therefore, the Court must go on to consider whether Defendant should have expected that Plaintiff would not discover or realize the danger, or would fail to protect himself against it.

In this case, Plaintiff has provided no evidence that would allow him to survive summary judgment. The dangerousness of the oil pit is evident. As stated, the pit is approximately 20 feet long, 4-5 feet wide, and several feet deep. Plaintiff's testimony indicates that he had his oil changed at Wal-Mart stores in the past and was aware of the presence of the oil pits. Further, the oil pits are clearly marked with raised yellow edges. Thus, there is nothing to suggest that

---

may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.").

[13] *Id.*

[14] Docket No. 14, Ex. A at 58

[15] *Id.* at 51-53.

[16] *Id.* at 51.

Defendant should have expected that Plaintiff would not discover or realize the danger, or would fail to protect himself against it.

Plaintiff argues that summary judgment on this prong is unwarranted, pointing to evidence that Defendant was aware of the potential danger of the oil pits and took measures to increase safety. This evidence, however, does nothing to show that Defendant should have expected that Plaintiff would not discover or realize the danger. This evidence shows just the opposite: that Defendant knew of the danger and took steps to inform invitees of the potential danger.

The final prong to be considered is whether Defendant failed to exercise reasonable care to protect Plaintiff against danger. The safety measures Defendant took in the Tire and Lube Express Center have been discussed above. The bay doors are chained off. The service area is separated from the customer waiting area by a chain link fence. The fence contains signs warning customers not to enter. If customers do enter the service area, employees are instructed to escort them out. There is also a yellow stripe separating the waiting area from the service area. The oil pits themselves are large and clearly visible, and are surrounded by raised edges that have been painted yellow.

Plaintiff argues that the oil pits could have, and should have, been covered by a protective grate. However, Wal-Mart policy did not require the pits to be covered where, as here, an employee was entering or exiting the oil pit.[17] Plaintiff has provided nothing to suggest that this

---

[17]The testimony presented was that an oil technician had exited the pit just before the accident in order to obtain supplies. Docket No. 20, Ex. A at 36-37.

policy was negligent. Without more, Plaintiff has not presented sufficient evidence to survive summary judgment on this prong. Therefore, based on all of the above, the Court finds that Defendant is entitled to summary judgment.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff and close this case forthwith.

The hearing set for May 16, 2012, is STRICKEN.

DATED   May 2, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge